```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-6-16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE PORT AUTHORITY
POLICE BENEVOLENT ASSOCIATION, INC., et al.,

                  Plaintiffs,

      - against -

THE PORT AUTHORITY OF
NEW YORK AND NEW JERSEY, et al.,

                  Defendants.

MEMORANDUM
OPINION & ORDER

15-CV-3526 (AJN) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

    Plaintiff The Port Authority Police Benevolent Association ("PAPBA") brings this action to challenge Defendant The Port Authority of New York and New Jersey's ("Port Authority") alleged unconstitutional searches of its employees' private cell phones during an investigation that followed a graduation party of Port Authority officers on August 23, 2014. (Doc. No. 1.) The PAPBA now seeks to compel the Port Authority to turn over two reports, the Chertoff Report and the Brosnan Report. The Reports were prepared by third parties, the Chertoff Group and Brosnan Risk Consultants. (Doc. No. 56 at 3.) The Chertoff Report was issued in two volumes on March 13, 2013, and was prepared to "assist [Port Authority] decision makers ... in determining whether to create a separate office to oversee security." (*Id.*) Brosnan Risk Consultants were hired to "evaluate the Police Academy curriculum and training, as well as the hiring process" of Port Authority officers. (*Id.* at 4.) According to the Port Authority, the Brosnan Report has not yet been finalized. (*Id.*)

    The PAPBA argues that the Chertoff Report addresses the creation and responsibilities of the Port Authority's Office of the Chief Security Officer ("CSO"), and the removal of the Office of Investigations. (Doc. No. 54 at 3.) According to the PAPBA, the organization of these offices

is central to its *Monell* claims, and the Report is relevant because it discusses the structure of the Port Authority, its chains of command, and the job descriptions of individuals within the CSO. (*Id.;* Doc. No. 59 at 2.) The PAPBA also contends that the Report may contain an allocation of responsibility for, as well as the shortcomings of, the Port Authority's search policies. The PAPBA argues that the Brosnan Report was authored in response to the August 2014 graduation party investigation, and it is therefore reasonable to "presume that [the Report] touches on these issues, particularly since the Port Authority does not deny that cell phone search policy or social media policy are discussed." (Doc. No. 59 at 2.)

The Port Authority argues that the deliberative process privilege applies to both the Chertoff and Brosnan Reports, and was properly invoked following review by Port Authority executives. (Doc. No. 56 at 6-7.) According to the Port Authority, both Reports assess and analyze the Port Authority's policies in order to facilitate discussions that lead to policy decisions. (*Id.*) The Port Authority also argues that the self-critical analysis privilege applies to both Reports because they are confidential analyses of the Port Authority's performance to correct problems within the organization. (*Id.* at 10.) The Port Authority further asserts the public interest privilege over the Chertoff Report, alleging that it contains security measures, and is thus highly confidential. (*Id.* at 7.) Lastly, the Port Authority asserts attorney-client privilege over the Chertoff Report because a portion was prepared by a law firm retained to obtain confidential legal advice. (*Id.* at 10.)

The Parties appeared before the Court on April 4, 2016. The Court ordered the Port Authority to submit the Table of Contents of both Reports to determine which sections should be reviewed *in camera*. Upon receiving the Tables of Contents, on April 8, 2016, the Court ordered

the Port Authority to submit certain sections for further *in camera* review. Having received the submissions,

The PAPBA's request for the production of the Chertoff and Brosnan Reports is **DENIED.** The Court finds that the Reports are not relevant to the PAPBA's claims in this case for production pursuant to Rule 26. *See* FED. R. CIV. P. 26(b)(1). The Chertoff Report in particular does not address the command structure of the Port Authority as alleged by the PAPBA. In any event, the Port Authority's command structure can be obtained through other discovery means. The Port Authority accurately depicted the contents of the Reports in its submissions, and in the April 4 conference before the Court.

**SO ORDERED this 6th day of May 2016.**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge

3