UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

THE PORT AUTHORITY POLICE
BENEVOLENT ASSOCIATION, INC. and
KATHLEEN HOWARD,

Plaintiffs,

-against-

THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY, SUPERINTENDENT
MICHAEL FEDORKO, LIEUTENANT
TIMOTHY MCGOVERN, LIEUTENANT
STEVEN ADELHELM, KAREN CONNELLY,
STEVEN PASICHOW, and MICHAEL
NESTOR,

Defendants.

---------------------------------------------------------X

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-11-2018

15-CV-3526 (KMW) (SDA)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

In this 42 U.S.C. § 1983 action set for trial on March 19, 2018, the remaining parties—

Plaintiff Kathleen Howard, Plaintiff The Port Authority Police Benevolent Association, Inc.

("PAPBA"), and Defendant The Port Authority of New York and New Jersey ("Port

Authority")—submitted motions *in limine* and accompanying memoranda of law that were fully

briefed on December 8, 2017. (ECF Nos. 120–32.) This Opinion & Order addresses Port

Authority's motion to preclude PAPBA from introducing evidence at trial related to its claimed

damages and attorneys' fees. (ECF No. 122, at 2–11.) The Court will decide the parties' other

motions *in limine* at a later date.

I.      **BACKGROUND**

In August 2014, the 113th class of the Port Authority Police Department ("PAPD")

graduated from police academy training and became "Probationary Police Officers" ("PPOs") of

the PAPD.[1]  On the night of August 22, 2014, approximately 95 of these PPOs and academy

instructors attended an after-party at the Texas Arizona Bar & Grill in Hoboken, NJ.  Following

reports that many of the PPOs engaged in misconduct at the Texas Arizona, the Port Authority

investigated this alleged misconduct.  As part of that investigation, Port Authority officers

interviewed all of the PPOs present at the after-party and searched many of their cell phones.

Plaintiffs claim that the PPOs did not voluntarily consent to these cell phone searches, making

those searches unconstitutional.

   Plaintiff PAPBA was the PPOs' labor union at the time Port Authority conducted these

searches.  PAPBA claims it was injured by the searches because, among other things, PAPBA

had to divert its resources to advise the PPOs.  (*See* Miller Decl.,[2] Ex. A., at 2–4.)  The

damages PAPBA is seeking—known as "diversion of resources" damages—include the

monetary equivalent of the hours its employees diverted to working on these searches, as well as

the attorneys' fees it paid to outside counsel Emery Celli Brinckerhoff & Abady LLP ("Emery

Celli") for work done related to these searches.  (*See id.*)

   PAPBA first disclosed its intention to seek "diversion of resources" damages in its

August 2015 initial disclosures.  (*See* Miller Decl., Ex. C, at 8.)  Those disclosures, however,

did not include a computation of damages.  (*See id.*)  PAPBA did not provide such a

computation until November 2017, when it served a supplemental disclosure identifying, among

other things, the names of PAPBA employees who diverted their resources to the cell phone

search issue and the hours those employees diverted to that issue.  (*See* Miller Decl., Ex. A.)

---

[1]  A fuller account of the facts presented herein can be found in the Court's summary judgment decision.  (ECF
No. 111.)

[2]  "Miller Decl." refers to the Declaration in Support of Defendant's Motions *In Limine*, executed by Kathleen
Gill Miller on November 17, 2017, ECF No. 121.

At the time PAPBA served this supplemental disclosure, however, discovery had been closed for well over a year and a trial date was already set.  (*See* ECF Nos. 67, 115.)

## II.     ANALYSIS

Port Authority is moving to preclude Plaintiffs (i) from presenting any evidence of PAPBA's "diversion of resources" damages at trial because those damages were not properly disclosed in PAPBA's Rule 26(a) disclosures and interrogatory responses, and (ii) from presenting evidence of Plaintiffs' attorneys' fees to the jury, because Plaintiffs should instead submit any request for attorneys' fees to the Court after trial.

### A.     Preclusion of Evidence under Rule 37

#### 1.     Legal Standard

Under Federal Rule of Civil Procedure 26(a)(1)(iii), each "party must, without awaiting a discovery request, provide to the other parties . . . a computation of each category of damages claimed by the disclosing party."   Where a party fails to comply with Rule 26(a), the "party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless."   Fed. R. Civ. P. 37(c)(1).   A court also "may order payment of the reasonable expenses, including attorney's fees, caused by the failure."   Fed. R. Civ. P. 37(c)(1)(A).   To determine whether preclusion under Rule 37(c)(1) is warranted, courts consider "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 118 (2d Cir. 2006) (internal quotation marks and citation omitted; brackets in original).  ,

#### 2.     Application

In November 2017, long after discovery had closed and after a trial date was set, PAPBA

3

served Port Authority with a detailed disclosure of the damages it was seeking at trial. (Miller Decl., Ex. A.) In that disclosure, PAPBA identified the names of seven individuals who diverted their time to the cell phone search issue—Paul Nunziato, John McAusland, Frank Conti, Michael DeFillipis, Robert White, Steve Ekizian, and Cesar Morales—and an estimate of the hours each of those individuals diverted to that issue. (*See id.*) Before November 2017, PAPBA had never identified these people or the hours they allegedly diverted. (*See* Miller Decl., Exs. C, D, E.) Because information about its own employees was readily available to PAPBA at the start of this litigation, PAPBA violated Rule 26(a)(1) by not disclosing this information in its August 2015 initial disclosures or in supplemental disclosures. *See* Rule 26(a)(1)(iii) (requiring that initial disclosures include a "computation" of damages); *see also Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) (holding that Rule 26(a)(1) requires a plaintiff to voluntarily "provide a computation of any category of damages" even before any discovery request is made for that type of information).

Although PAPBA violated Rule 26(a)(1) by not properly computing its "diversion of resources" damages, preclusion of evidence is not automatic. As discussed below, of the four factors courts look to when deciding whether to preclude evidence—(1) the explanation for the failure, (2) the importance of the evidence, (3) the prejudice suffered by defendant, and (4) the possibility of continuance—three weigh against preclusion in this case. *See Patterson*, 440 F.3d at 118. Nonetheless, a lesser sanction is warranted to correct prejudice to Port Authority.

With respect to the first *Patterson* factor, PAPBA has provided two explanations for why it did not properly disclose its damages. First, PAPBA contends that it relied on a ruling by Judge Ellis during a discovery conference in January 2016, in which Judge Ellis did not order PAPBA to give a "a more specific response to [Port Authority's] damages interrogatory."

4

(Pls.' Opp'n,[3] ECF No. 126, at 10.)   Although Judge Ellis did state during that conference that

"quantification in terms of a number is something which [n]either is possible [n]or is required by

an answer to the interrogatory," he did not refer to "diversion of resources" damages, in

particular.   (Conf. Tr., ECF No. 44, at 41.)   Judge Ellis's statements were instead focused on

direct constitutional damages, such as damages to an individual who "didn't want to go outside

because the police had arrested" him.   (*Id.* at 40.)   His reasoning does not apply to PAPBA's

"diversion of resources," which are much easier to quantify (and which, in fact, PAPBA *did*

quantify in its November 2017 disclosures).   Additionally, regardless of whether PAPBA was

required to compute its damages, PAPBA should have identified the particular individuals who

diverted resources.   PAPBA's failure to do so before November 2017 cannot be explained by

any reliance on Judge Ellis's ruling regarding numerical computation, especially when Judge

Ellis made clear that "to the extent that a party is able to, they can identify the elements that go

into damages."   (*Id.*)   Indeed, the fact that PAPBA voluntarily updated its disclosures with this

information in November 2017 shows that PAPBA was aware (or at least concerned) that its

prior disclosures were deficient.

PAPBA's second explanation for not properly disclosing its damages is that, because its

damages were ongoing, PAPBA could not have fully disclosed them in 2015.   (Pls.' Opp'n, at

10.)   This explanation fails because, even if PAPBA could not have provided a final

computation of damages at the start of this litigation, PAPBA still could have provided an

estimate of the damages it had incurred as of 2015.   PAPBA violated Rule 26(a)(1) by not

providing any computation at all.   *See, e.g., US Bank Nat. Ass'n v. PHL Variable Ins. Co.*, No.

---

[3] "Pls.' Opp'n" refers to "Memorandum of Law in Opposition to Defendant's Motions *in Limine*," ECF No. 126.

12-CV-6811 (CM) (JCF), 2013 WL 5495542, at *3 (S.D.N.Y. Oct. 3, 2013) (holding that where a party is not certain of its damages at the time disclosures are due, "the disclosing party still has the responsibility to provide each category of required disclosures based on the information it has at the time, and to supplement those disclosures as more information is gained"); 6-26 Moore's Federal Practice - Civil § 26.22 (2017) ("A party claiming damages must, of course, have some evidence that an injury occurred and some basis for calculating the damages the party suffered as the result of that injury before filing suit. The party making such a claim, therefore, has the obligation, when it makes its initial disclosures, to disclose to the other parties the best information then available to it concerning that claim, however limited and potentially changing it may be.").

Although the first *Patterson* factor weighs in favor of precluding evidence of PAPBA's "diversion of resources" damages, the other *Patterson* factors weigh against preclusion. With respect to the importance of the evidence factor, it is undeniable that this evidence is critical to PAPBA's case. And with respect to the prejudice and possibility of a continuance factors, any prejudice to Port Authority can be corrected well before trial, without the need for a continuance. In particular, although Port Authority was prejudiced by not being able to fully explore PAPBA's damages during discovery, this prejudice can be corrected by reopening discovery to allow Port Authority to take supplemental depositions on this issue. Port Authority was also prejudiced because, if PAPBA had properly disclosed its damages in August 2015, Port Authority would likely have asked additional questions during its depositions of PAPBA employees in December 2015 and January 2016. (*See* Miller Decl., Exs. F–J.) But this prejudice can be corrected by ordering PAPBA to pay for the expenses and costs of the supplemental depositions.

Accordingly, discovery in this case is hereby re-opened to allow Port Authority to take supplemental depositions of—or, if Defendant prefers, to obtain affidavits from—Paul Nunziato,

John McAusland, Frank Conti, Michael DeFillipis, Robert White, Steve Ekizian, and Cesar

Morales, on the topic of their salaries and the number of hours they diverted in connection with

Port Authority's cell phone searches. PAPBA will pay for the expenses and costs associated

with taking these depositions, each of which shall be limited to two hours. All depositions shall

be completed by February 28, 2018.

If PAPBA is in possession of any unproduced documents that reflect the number of hours

these individuals diverted in connection with the cell phone searches, PAPBA shall produce

those documents on or before January 31, 2018.

### B.    Preclusion of Evidence of Attorneys' Fees

#### 1.    Legal Standard

Claims for attorneys' fees "must be made by *motion* unless the substantive law requires

those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A)

(emphasis added). In cases brought under 42 U.S.C. § 1983, in particular, the "the *court*, in its

discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."

42 U.S.C. § 1988(b) (emphasis added).

#### 2.    Application

Plaintiffs have requested that the jury decide the issue of attorneys' fees. (Pls.' Opp'n,

at 11.) With respect to attorneys' fees for legal work done in furtherance of this litigation,

however, Plaintiffs' request is barred by Rule 54(d)(2)(A), which requires claims for attorneys'

fees to be made by motion. Indeed, at least one circuit has held that it is an abuse of discretion

for a district judge to inform the jury "of the possibility of an award of attorneys' fees," much

less to allow the jury to determine those fees. *Brooks v. Cook*, 938 F.2d 1048, 1051 (9th Cir.

1991).

Although litigation attorneys' fees awarded pursuant to 42 U.S.C. § 1988 must be decided

by the Court, the record is not clear on whether PAPBA is also seeking fees for *non-litigation* advice that it received from Emery Celli. Fees for that type of work, which may not have been "expended in pursuit" of this litigation, would not be recoverable under 42 U.S.C. § 1988. *See Fox v. Vice*, 563 U.S. 826, 834 (2011) (citation and internal quotation marks omitted). To recover those fees, PAPBA would instead need to prove them as part of its "diversion of resources" damages at trial.[4]

To appropriately decide this issue, the Court requires supplemental information from PAPBA. Accordingly, by January 31, 2018, PAPBA shall submit to the Court a letter delineating the following with respect to its damages: (a) PAPBA shall identify the amount of Emery Celli's fees, if any, it is claiming as damages for work *not* done in furtherance of this litigation; and (b) PAPBA shall give the reasons why the damages it identified in (a) constitute proper "diversion of resources" damages.

## III. CONCLUSION

In conclusion, the Court partially GRANTS Port Authority's motion *in limine* to preclude evidence of Plaintiffs' damages at trial and orders the following:

1. Discovery in this case is re-opened to allow Port Authority to take supplemental depositions of—or, if Defendant prefers, to obtain affidavits from—Paul Nunziato, John McAusland, Frank Conti, Michael DeFillipis, Robert White, Steve Ekizian, and Cesar Morales, on the topic of their salaries and the number of hours they diverted in connection with Port

---

[4] Although "diversion of resources" often refers to the diversion of employee time, courts, in the context of deciding standing, have held that diverting money to pay legal expenses can qualify as a "diversion of resources" injury. *See Brown v. Stone*, 66 F. Supp. 2d 412, 426–27 (E.D.N.Y. 1999) (holding that organization had standing because it "repeatedly incurred litigation expenses" due to defendant's illegal behavior); *see also Ragin v. Harry Macklowe Real Estate Co.*, 6 F.3d 898, 905 (2d Cir. 1993) ("[T]he only injury which need be shown to confer standing . . . is deflection of the agency's time and money from counseling to legal efforts . . . ." (quoting *Village of Bellwood v. Dwivedi*, 895 F.2d 1521, 1526 (7th Cir. 1990)) (internal quotation marks omitted)).

Authority's cell phone searches.   PAPBA will pay for the expenses and costs associated with taking these depositions, each of which shall be limited to two hours.   All depositions shall be completed by February 28, 2018.   If PAPBA is in possession of any unproduced documents that reflect the number of hours the above individuals diverted in connection with the cell phone searches, PAPBA shall produce those documents on or before January 31, 2018.

2. By January 31, 2018, PAPBA shall submit to the Court a letter delineating the following with respect to its damages: (a) PAPBA shall identify the amount of Emery Celli's fees, if any, it is claiming as damages for work *not* done in furtherance of this litigation; and (b) PAPBA shall give the reasons why the damages it identified in (a) constitute proper "diversion of resources" damages.

SO ORDERED.

Dated: New York, New York
      January 19, 2018

KIMBA M. WOOD
United States District Judge